**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 23-313** (Berkeley County 22-F-43)

**Ronald Stecker Jr.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Ronald Stecker Jr. appeals the sentencing order of the Circuit Court of Berkeley County entered on March 14, 2023, following his convictions for sexual abuse by a person in a position of trust to a child and first-degree sexual abuse.[1] The petitioner argues that the circuit court abused its discretion when it denied his request for alternative sentencing. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was indicted on three counts of sexual assault in the second degree and three counts of sexual abuse by a custodian or person in position of trust to a child. The parties reached a potential resolution to the charges, with the petitioner pleading guilty to one count of sexual assault in the second degree and one count of first-degree sexual abuse, a lesser included offense of one of the charges. A psychological evaluation/psycho-sexual risk assessment under West Virginia Code § 62-12-2(e) was performed (the "assessment"). At a pretrial hearing after the assessment, the petitioner withdrew his plea and advised the circuit court he could not provide a factual basis for the plea agreement. A trial date was set, and the parties also continued to negotiate a potential plea agreement. The parties reached a second plea agreement; and, in accordance with that agreement, the petitioner pled guilty to one count of sexual abuse by a person in a position of trust to a child and one count of first-degree sexual abuse. The circuit court imposed a sentence of not less than ten nor more than twenty years of imprisonment for the petitioner's conviction of sexual abuse by a person in a position of trust, which is the sentence specified by West Virginia Code § 61-8D-5(a). For the conviction of first-degree sexual abuse, the petitioner was sentenced to not less than one year nor more than five years of imprisonment, which is the sentence specified by West Virginia Code § 61-8B-7(b). The circuit court ordered the sentences to run consecutively. In addition, after the completion of the terms of imprisonment, the circuit court ordered the

---

[1] The petitioner is represented by counsel J. Daniel Kirkland. The State of West Virginia is represented by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

petitioner to serve a period of forty years of supervised release under West Virginia Code § 62-12-26 and to register as a sexual offender for the remainder of his lifetime.

The petitioner now appeals from the circuit court's sentencing order, arguing that the court abused its discretion in denying his request for an alternative sentence because, in denying that request, the court substantially relied on the assessment. He contends the assessment was incorrect and outdated based on the second plea agreement that no longer required the petitioner to plead guilty to a sexual assault charge. Our analysis of the issue presented by the petitioner in this case is guided by Syllabus Point 4 of *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), which provides that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." We have explained that impermissible factors at sentencing include "race, sex, national origin, creed, religion, and socioeconomic status . . . ." *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted). Because the petitioner does not assert that any impermissible factors were considered by the circuit court at sentencing or in denying his request for alternate sentencing, and because his sentence is within statutory limits, appellate review is not available.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 10, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

2